# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST,<br><br>                    Plaintiffs,<br>     vs.<br><br>DUST BUSTERS AIR QUALITY MANAGEMENT, L.L.C.,<br><br>                    Defendant. | Case No.: 2:12-cv-00803-GMN-NJK<br><br>**ORDER** |

Before the Court is the Motion for Default Judgment (ECF No. 11) filed by Plaintiffs, the Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry and Laborers Vacation Trust, and Trustees of the Southern Nevada Laborers Local 872 Training Trust (collectively, "Plaintiffs" or "Trust Funds"), requesting entry of default judgment against Defendant Dust Busters Air Quality Management, L.L.C. ("Defendant" or "Dust Busters").

## I.    BACKGROUND

Defendant is a Nevada limited liability company, and has not filed any responsive pleading to Plaintiffs' complaint, which was filed on May 14, 2012. (*See* Compl., ECF No. 1.) In June 2012, Defendant entered into a stipulation with Plaintiffs to extend the time to file an

answer until July 3, 2012, and the Court so ordered. (ECF No. 7.)  After Defendant failed to file its answer, Plaintiffs moved for entry of clerk's default on July 23, 2012, which was subsequently entered. (ECF Nos. 8, 9.)  The instant motion for default judgment (ECF No. 11) was filed August 20, 2012.  Defendant filed no opposition to the motion.

On July 31, 2012, Defendant's counsel moved to withdraw as counsel of record (ECF No. 10), and the motion was granted on September 24, 2012 (Minutes of Proceedings, ECF No. 15).

## II.     LEGAL STANDARD

Where a plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, it must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2).  Also, where a party against whom default judgment is sought has made an appearance in the case, entry of judgment by the clerk pursuant to Federal Rule of Civil Procedure 55(b)(1) would be improper, and the court must enter judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

As a general rule, default judgments are ordinarily disfavored, and cases should be decided on the merits whenever reasonably possible. *Id*. at 1472.  "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id*. at 1471-72.

## III.    DISCUSSION

"An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).  "The

general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).

Plaintiffs' Complaint, filed in May 2012, alleged the following:

1. Plaintiffs are fiduciaries for purposes of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1500. (Compl., 2:¶2.)

2. Defendant acted as an employer within the State of Nevada employing persons who perform work covered by a collective bargaining agreement ("CBA") between Defendant and the Laborers International Union of North America, Local No. 872 ("Covered Employees"). (*Id*. at 2:¶3.)

3. Plaintiffs are ERISA employee benefit trust funds that provide pension, health and welfare, vacation and training benefits to Covered Employees. (*Id*. at 2:¶4.)

4. The CBA incorporates by reference the Trust Agreements establishing the Trust Funds ("Trust Agreements"). (*Id*. at 2:¶5.)

5. Pursuant to the CBA and Trust Agreements, Defendant is obligated to make its books and records available for contract compliance review ("Audit"). (*Id*. at 2:¶6.)

6. Defendant has failed to make its books and records available for Audit. (*Id*. at 2:¶7.)

7. It has been necessary for Plaintiffs to obtain the services of an attorney to pursue this action, and Plaintiffs are entitled to recover reasonable attorneys' fees therefore. (*Id*. at 2:¶8.)

Because Defendant has failed to file any responsive pleading or to deny the allegations, Plaintiffs' factual allegations, other than those relating to the amount of damages, are admitted as true.

Under ERISA, "[e]very employer who is obligated to make contributions to a multi-

employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Furthermore, in an action

> by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
> (A)  the unpaid contributions,
> (B)  interest on the unpaid contributions,
> (C)  an amount equal to the greater of –
>     (i)   interest on the unpaid contributions, or
>     (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E)  such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).  Interest on unpaid contributions as described above shall be determined by using the rate provided under the plan, if one is provided. 29 U. S. C. § 1132(g).

In the instant motion, Plaintiffs state that after filing the Complaint, in June 2012, Plaintiffs' auditor completed an Audit of Defendant's records for the period of September 2007 through May 2012. (Mot. Default J., 3:23-26; Aff. of Adam Segal, Ex. 1 to Mot. Default J.; Audit Summary, Ex. 2 to Mot. Default J.)  The audit summary provided by Plaintiffs shows total unremitted contributions due in the amount of $12,062.60. (Audit Summary, Ex. 2 to Mot. Default J.)  The Court accepts this documentation, and finds that the amount of $12,062.60 shall be awarded to Plaintiffs as the amount of unpaid contributions.

In addition to ERISA requirements and the CBA, Plaintiffs provide the Trust Collection Policy and Procedures for employer contributions to show that Defendant is also responsible for the interest accrued on unpaid contributions, as well as liquidated damages, administrative fees, audit fees and legal fees. (Trust Collection Policy & Procedures, 9:VI.B., Ex. 3 to Mot. Default J.)

The amount of interest is calculated by multiplying the total unpaid contributions owed (here, $12,062.60, as discussed above) by 0.14, dividing that result by 365 days per year, and multiplying that result, by the number of days. (Mot. Default J., 4:10-21.)  The audit summary shows that interest from unremitted contributions, calculated through June 30, 2012, totals $6,570.03. (Audit Summary, Ex. 2 to Mot. Default J.)  The Court accepts this formula for calculating accrued interest, and finds that $6,570.03 in interest on the unpaid contributions shall be awarded to Plaintiffs, as well as additional accrued interest in an amount calculated from July 1, 2012 through the date of entry of judgment.

The Trust Collection Policy & Procedures provides that delinquent employers are liable for liquidated damages of twenty (20%) percent of the delinquent contributions, which is $2,413.00 here ($12,063.00 x .2 = $2,413.00).  However, since the amount of interest due is greater than $2,413.00, the $2,413.00 amount is moot since the court is required to award the greater of either the amount of interest due or twenty (20%) percent of the delinquent contributions. *See* 29 U.S.C. § 1132(g)(C).  Here, the court finds that the amount of liquidated damages is equal to the amount of interest due, as discussed above, and shall be awarded to Plaintiffs in addition to the amount of interest due.

The Court also finds that reasonable attorney's fees and costs of the action, including audit costs, shall be awarded to Plaintiffs, to be paid by Defendant in the amount of $2,308.00 in attorney's fees and costs, and $1,740.00 in audit costs, as shown in the invoices submitted by Plaintiffs. (*See* Invoice from counsel, Ex. 4 to Mot. Default J.; Invoice from CPAs, Ex. 5 to

Mot. Default J.)

Finally, since Plaintiffs state that the audit identified that Defendant had overpaid contributions totaling $511.00 during the audit period of September 2007 through May 31, 2012, this amount shall be deducted from the total amount owed by Defendant. (*See* Mot. Default J., 6:21-22 n.1.)

The Court calculates the award to Plaintiffs as follows:

| | |
|---|---|
| Unpaid Contributions | $12,063.00 |
| Interest on the Unpaid Contributions | $6,570.00 + interest amount from July 1, 2012 through date of entry of judgment |
| Liquidated Damages | $6,570.00 + interest amount from July 1, 2012 through date of entry of judgment |
| Attorney's Fees and Costs | $2,308.00 |
| Audit Costs | $1,740.00 |
| Less Payments Made | ($511.00) |
| **TOTAL:** | $28,740.00 + (interest amount from July 1, 2012 through date of entry of judgment x 2) |

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Default Judgment (ECF No. 11) is **GRANTED**.  Judgment is hereby entered in favor of Plaintiffs and against Defendant in the amount calculated in this Order.

**DATED** this 7th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge